ALEXANDER, J.,
dissenting.
[¶ 17] I respectfully dissent.
[¶ 18] The Thurstons elected to pursue the statutory foreclosure remedy pursuant to 14 M.R.S. § 6203-F (2013). The foreclosure remedy to collect on a mortgage *22 debt is a statutory remedy, with available relief necessarily limited to that provided by the foreclosure statute.
[¶ 19] Section 6203-F(l) governing foreclosure procedure, states, in pertinent part:
1. Foreclosure procedure. If the purchaser of real estate under a contract for the sale of real estate, including a bond for a deed, is in default of any of the terms of that contract, the seller or the seller’s heirs or assigns may foreclose the rights of the purchaser in the contract not less than 30 days after giving the notice required by subsection 2 by any of the means provided by law for the foreclosure of mortgages, except that the redemption period is 60 days.... The remedy afforded by this section supplements other legal remedies that may be available to the seller.
[¶ 20] Thus, foreclosure may only be enforced “by any means provided by law for the foreclosure of mortgages.” Id. Pursuant to the foreclosure law today, the only means provided by law for foreclosure is established in 14 M.R.S. §§ 6321-6325 (2013) implemented by the procedures specified in M.R. Civ. P. 55(a)(1), 56(j), and 93. That process envisions, ultimately, a public sale of the premises, 14 M.R.S. § 6323, with any net proceeds of the sale going to the defaulting purchaser after payment of the outstanding loan balance and costs of the foreclosure proceeding, 14 M.R.S. § 6324.
[¶ 21] Oftentimes there may be no net proceeds left after the sale, and the defaulting purchaser may be assessed a deficiency judgment. But a deficiency judgment is unlikely here where, given Galvin’s $115,000 down payment and payments totaling almost $100,000 over three years, Galvin has paid approximately $215,000 of the original $550,000 purchase price. On these facts, the Court’s approved remedy, depriving Galvin of any opportunity to recover some value from the sums she has paid, will likely result in a considerable windfall to the Thurstons.
[¶ 22] The Court reaches this result by holding that the purchasers of the property subject to the foreclosure action have not acquired title to the property and are therefore not the owners of the property and not subject to the protections afforded by 14 M.R.S. §§ 6321-6325. However, this holding does not explain why the only remedy provided by the foreclosure statute should be rendered a nullity, with the sellers then free to invoke some other remedy, outside the foreclosure statute, to pocket any net value left from the purchaser’s payments for the property, rather than return any net proceeds from a public sale to the defaulting purchaser.
[¶ 23] I would hold that in electing to invoke the statutory foreclosure process, the Thurstons limited their remedies to those provided in the foreclosure statute. Because the trial court did not apply those remedies to protect any net equity in the purchaser’s investment, I would vacate the judgment of the trial court.